UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,   Case no. 2:24-cr-07

v.   Hon. Robert J. Jonker
    United States District Judge

KELTON SALOWITZ,

       Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT
OF MOTION FOR DOWNWARD VARIANCE AND MOTION
DOWNWARD DEPARTURE**

**Introduction**

On July 25, 2024, Kelton Salowitz entered a guilty plea to sexual exploitation of a child, contrary to 18 U.S.C. §§ 2251(a) and (e). Mr. Salowitz is scheduled for sentencing before Your Honor on November 19, 2024, at 2:30 p.m.

The Final Presentence Investigation Report (PSR) scores Mr. Salowitz at total offense level 42 and criminal history category II, for advisory guidelines 360 to life. However, the statutorily authorized maximum sentence of 30 years is less than the minimum applicable guidelines range: therefore, the guideline term of imprisonment is 360 months. (ECF No. 41, PSR, PageID.147). Probation has recommended a sentence of 262 months of incarceration. This recommendation recognizes that a variance from the advisory sentencing guideline range is appropriate. (ECF No. 41, PSR, PageID.154).

## Legal Discussion

As the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes outlined in § 3553(a)(2):

> **§ 3553. Imposition of a sentence.**
>
> **(a) Factors to be considered in the imposition of a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . .

18 U.S.C. § 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless of whether that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum, or somewhere in between.

## 18 U.S.C. § 3553(a) Factors

1. **(a) Nature and Circumstances of the Offense and History and Characteristics of the Defendant.**

    Mr. Salowitz is a nineteen-year-old man born in Port Huron, Michigan, to Rebecca Orlowski and Shawn Salowitz. He was primarily raised by his mother and saw his father on weekends until he was ten. At ten, his father was incarcerated and their relationship became even more distant.

    Mr. Salowitz's early years were traumatized by sexual abuse at the hands of his brother and his father's girlfriend's daughter. He was bullied at a young age and acted out to get expelled from school so the bullying would cease. Mr. Salowitz did not have the support at home or school that he needed. This created a huge lack of self-esteem.

    Although Mr. Salowitz has a prior sexual juvenile offense, it is worth mentioning that the counseling he received for the charge was inadequate. As reported to Mr. Matthew Rosenburg LMSW, of specialized Mental Health Services, counseling consisted of conversations about how his family was and how his week went instead of helping with the underlying issues.

    The abuse and the bullying made Mr. Salowitz socially awkward. It makes sense he found acceptance with younger people. Social media and increased sexuality in society have created environments where young people turn to chatrooms for social validation and belonging. Here, one of the victim's photos on social media was inappropriate for a child and was before she even met Mr. Salowitz.

    Even during this crime, Mr. Salowitz was bullied and blackmailed by the minor victims of the crimes, or their minor friends and family as explained in the presentence interview as well as the psychological report filed under seal. This is not an excuse for Mr. Salowitz's conduct but a factor to be considered.

3

Mr. Salowitz as a young adult asked a minor to masturbate and send a live video feed to him while he masturbated and sent a live video back to the minor. He did not threaten or do anything more than make the request. It is clear under the guidelines that sexual contact includes asking a minor to touch themselves but it also differs from Mr. Salowitz actually touching a minor.

Mr. Salowitz's crime was exposed not because a parent of a victim found out, or a victim reported to an adult child, but because he was looking for psychological help. He recognized that he needed help and to get the help he needed he told his counselor the truth. In society, this is what we would want a person to do who is struggling with mental health and trauma.

The counselor was required to mandatory report the abuse. When the police came to talk to him, he cooperated and gave the police access to his digital devices and passwords. He also admitted what he had done. Despite this, Mr. Salowitz continued treatment and understands he will need specialized treatment to help him with his past traumas and mental health. He knows that to find his place in society he will need intensive treatment and he requests the Court recommend the Residential Sex Offender Treatment Program at FMC Devens. It is a 12-18 month highly intensive program. Offenders receive treatment five days a week. Mr. Salowitz understands that he will do significant prison time and faces a mandatory minimum of 15 years. He is only 19 years old. Fifteen years is enough prison time to punish him for his crime and assist in rehabilitation so he can be a productive and safe member of society.

## Requested Treatment and Special Conditions

We request that the Court consider the recommendations made in Mr. Rosenburg's expert psychological assessment to best address Mr. Salowitz's psychological needs while he is in the BOP as well as when he is on supervised release.

**Downward Variance and Departure Under Section 5H1.1**

Considering the 3553(a) factors, Mr. Salowitz believes that a downward variance is appropriate. District courts, as a matter of process, must properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors, and adequately explain the chosen sentence—including an explanation for any variance from the guidelines range. *Gall v. United States,* 552 US 38, (2007). In applying Congress's mandate that sentencing courts must "consider" the § 3553(a) factors, the appellate courts recognize that the district court judges are involved in an exercise of judgment, not a ritual. *United States v. McGee,* 494 F.3d 551, 557 (6th Cir.2007).

Many sentencing guidelines recognize that as a person's criminal history increases and the conduct is more egregious, the recommended guideline increases. This is not true with exploitation cases. Whether you are a first-time offender or a significant repeat offender, when the offense variable puts you at or over the statutory maximum, there is a problem. When one pleas in Federal Court, the only benefit is a reduction for acceptance of responsibility. That gives you a lesser sentence. When the guidelines are over the statutory maximum, not only do you remove any incentive to plea, but you end up with huge sentencing disparities. You cannot give a higher sentence to a more egregious case if in most cases because of the nature of the charge, the guidelines are above the statutory maximum.

As this Court is aware, the United States Sentencing Commission amended the sentencing guidelines and those amendments took effect November 1, 2024. In those amendments, the commission expanded and emphasized U.S.S.C. § 5H1.1 (Age (Policy Statement)). In that language, the commission stated that a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses," given that "[c]ertain risk factors may affect a youthful individual's development in the mid-'20s and contribute to involvement in criminal justice

systems, including environmental, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships."  The commission also stated that " [y]outhful individuals generally are more impulsive, risk-seeking, and susceptible to outside influences as their brains continue to develop into young adulthood.  Youthful individuals are more amenable to rehabilitation."  This amendment is related to the Commission's statutory responsibility under 28 U.S.C. § 991(b)(1)(c) to establish and amend sentencing policies to reflect such advancement in knowledge of human behavior as it relates to the criminal justice system.  Many of the above factors are things I am sure that the court, the government, as well as defense counsel have suspected regarding youth and the criminal justice system throughout our working years in that system.  The Commission also received testimony and comments from experts in the science and data community conveying advancements in the understanding of youthful development and sentencing, including recognition of the age-crime curve and the cognitive changes lasting into the mid-20s that affect individual behavior and culpability.  U.S.S.C.GOV-2024 Amendments in Brief.

    Mr. Salowitz is 19 years old.  He was seeking help for his sexual and mental health issues when his crime was reported.  The nature and circumstance of the offense including the actions of the victims and the defendant's actions including his actions seeking professional help should be considered by this court.  Mr. Salowitz desires to be a better human and have his mental health and sexual issues in check.  He was exposed to a difficult upbringing which included his own sexual trauma.

    A sentence of the statutory maximum of 15 years would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Fifteen years is 78% of the nineteen years that Mr. Salowitz has been alive.  Fifteen years will deter Mr. Salowtiz individually and also deter others.  While Mr. Salowitz is incarcerated, he can work with the BOP and be involved

with the inpatient sex offender treatment program. He can learn vocational skills that will assist in finding better employment. These things can help Mr. Salowitz gain self-esteem and help with his transition back to society after his prison stay.

## Conclusion

Mr. Salowitz prays this Honorable Court to consider sentencing him to 180 months of custody. Mr. Salowitz thanks this Honorable Court for its time in considering his circumstances and this case.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated: November 12, 2024

/s/ Elizabeth A. LaCosse
ELIZABETH A. LACOSSE
Assistant Federal Public Defender
925 W. Washington Street, Suite 104
Marquette, Michigan 49855
(906) 226-3050